IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3027 |
| vs. | |
| ANGEL A. ORAMAS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report. Filing 221.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is

>a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report, asserting that the presentence report overstates his participation in the offense, and arguing that a two-level enhancement to the offense conduct for being an "organizer, leader, manager or supervisor" in the criminal activity is unwarranted. Filing 221.

   Under the sentencing guidelines, a two-level enhancement of a defendant's offense level is applied if the defendant was an "organizer, leader, manager, or supervisor in any criminal activity." *See* U.S.S.G. § 3B1.1(c). To justify an enhancement under this section, the government must prove that the defendant managed or supervised at least one other participant in the criminal enterprise. *United States v. Hull*, 646 F.3d 583, 587 (8th Cir. 2011); see *United States v. Gamboa*, 701 F.3d 265, 267 (8th Cir. 2012). But this enhancement is construed broadly. *See Gamboa*, 701 F.3d at 267. It may apply even if the management activity was limited to a single transaction, or the defendant only supervised one other individual. *See*, *United States v. Alexander*, 714 F.3d 1085, 1091 (8th Cir. 2013); *Gamboa*, 701 F.3d at 267; *Hull*, 646 F.3d at 587. The Court must consider, among other things, such factors as the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *United States v. Henley*, 766 F.3d 893, 916 (8th Cir. 2014); *Alexander*, 714 F.3d at 1091; *see also Gamboa*, 701 F.3d at 267 (citing § 3B1.1, cmt. n.4).

   When the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See*, *United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007). Mindful of the principles set forth above, the Court will dispose of this objection based upon the evidence presented at sentencing.

3. The defendant also objects to the presentence report's criminal history calculation, contending that "a Criminal History Category of II, grossly over-represents his character, lack of sophistication and actual criminal past." Filing 221 at 1. The defendant advocates for a criminal history category of I. Filing 221 at 1. But aside from this assertion, the defendant has identified no factual error in the presentence report's recitation of the defendant's criminal record, or in the criminal history computation. Nor has the defendant moved for a downward departure based on the inadequacy of the criminal history category, which would be his burden to establish. *See*, U.S.S.G. § 4A1.3(b)(1); *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993).

    Accordingly, the Court's tentative finding is that the defendant's objection to the criminal history category should be overruled. The Court will, however, consider the defendant's "character, lack of sophistication and actual criminal past," *see* filing 221 at 1, when applying the § 3553(a) factors and fashioning an appropriate sentence.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 23rd day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge